IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: )<br>)<br>WILLIAM J. GRUVER and )<br>ROBERTA LYNN GRUVER, )<br>)<br>Debtors. )<br>-------------------------------------------------- )<br>)<br>WILLIAM K. GRUVER and )<br>ROBERTA LYNN GRUVER, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>ROBERT KINCAID and FIRETECH, )<br>THE FIRE TECHNOLOGY PEOPLE, )<br>INC., )<br>)<br>Defendants. ) | Case No. 1:20-cv-00229-SPB<br><br>Bankruptcy Case No. 16-10241-TPA<br><br>Adversarial Proceeding No. 18-1025-GLT |

## MEMORANDUM ORDER

This civil action concerns a commercial dispute between Plaintiffs William K. Gruver and Roberta Lynn Gruver ("Plaintiffs" or the "Gruvers") and Defendants Randy Kincaid[1] and Firetech, the Fire Technology People, Inc. ("Firetech" and, collectively with Randy Kincaid, "Defendants"). After sustaining fire damage to their home, Plaintiffs hired Firetech to remediate the damage and refurbish their residence. A series of events culminated in Firetech abandoning the project before it was completed, such that the Gruvers' home is currently uninhabitable.

---

[1] The Court's docket incorrectly identifies Firetech's co-Defendant as Ryan Kincaid (who is Randy Kincaid's son). The Bankruptcy Court's docket incorrectly identifies Firetech's co-Defendant as "Robert Kincaid." As indicated, Randy Kincaid is the actual co-Defendant.

1

Plaintiffs subsequently commenced litigation against the Defendants claiming, among other things, alleged breach of contract.

At times relevant to this litigation, Plaintiffs were debtors in a Chapter 13 proceeding assigned to United States Bankruptcy Judge Thomas P. Agresti at Case No. 1:16-bk-10241. After the Gruvers filed suit against the Defendants, Judge Agresti recused himself from the adversarial proceeding and the matter was reassigned to United States Bankruptcy Judge Gregory L. Taddonio.

In May 2019, Judge Taddonio presided over a three-day bench trial. Because Judge Taddonio viewed the Gruvers' lawsuit as a non-core proceeding that was "related to" the their underlying bankruptcy case, and because the parties did not unanimously consent to the Bankruptcy Court entering a final order, Judge Taddonio instead issued an extensive Memorandum of Proposed Findings of Fact and Conclusions of Law. Both Plaintiffs and Defendants filed objections to Judge Taddonio's proposed findings and conclusions. In addition, both Plaintiffs and Defendants filed responses to the other side's objections.

On August 11, 2020, the Clerk of the Bankruptcy Court issued a transmittal letter notifying this Court of the adversarial proceeding and all relevant filings. *See* ECF No. 2. The following week, the Clerk transmitted portions of the Bankruptcy Court record. ECF No. 3.

No substantive filings were requested or received by this Court until October 16, 2020, when Defendants unilaterally submitted a document styled "Appellees' Principal Brief and Response to Appellants' Principal Brief." ECF No. 4. Therein, Defendants proffered arguments in support of their objections to the Bankruptcy Court's proposed findings of fact and conclusions of law. Defendants also requested that this Court dismiss the Plaintiffs' previously

2

filed objections on the ground that "Appellants' principal brief was due on or before September 18, 2020," and "Appellants failed to file a principal brief . . . ." ECF No. 4 at 20.

Two days later, Plaintiffs filed a response in which they asserted that Defendants were incorrectly proceeding as if the instant case were an appeal from a final order or judgment of the Bankruptcy Court when, in fact, this case calls for a *de novo* review of the Bankruptcy Court's proposed findings of fact and conclusion of law. Plaintiffs observed that, pursuant to Federal Rule of Bankruptcy Procedure 9033, the District Court has wide discretion concerning the manner of conducting its *de novo* review and "'may elect to utilize the transcript of proceedings or to take additional evidence in written or oral form to supplement the proceedings before the bankruptcy judge.'" ECF No. 5 at 1-2 (quoting 10 *Collier on Bankruptcy* ¶9033.11 (16th ed. 2020)). Plaintiffs represented that they intend to rely upon their "Limited Objections" to the Bankruptcy Court's proposed findings and conclusions, as well as their response to the Defendants' objections, subject to any further directives from this Court. *Id*. at 2.

On October 19, 2020, Defendants filed a "Motion to Dismiss Appellants' Appeal with Prejudice," along with a supporting brief. ECF No. 6 and 7. Therein, Defendants reiterated their position that the Gruvers are the "Appellants" in this matter pursuant to Bankruptcy Rule 8016 and, as such, were required, under Bankruptcy Rule 8018, to serve their opening brief within thirty days after receiving notice that the Bankruptcy Court had transmitted the supplemental record to the District Court. In support of their position, Defendants pointed to the Court's docket notice of the record transmittal, which stated that "briefing will be in accordance with Bankruptcy Rule 8018, unless otherwise directed by the assigned [District] Judge. Appellant Brief due by 9/18/2020." *See* ECF No. 6, ¶4. Because the Gruvers had not filed an opening brief as "Appellants" by the September 18, 2020 deadline, Defendants asserted that the Gruvers

3

were in violation of Bankruptcy Rule 8016, justifying dismissal of their "appeal." ECF No. 7 at 1-2.

Plaintiffs filed a response and memorandum in opposition to Defendants' motion on November 10, 2020. ECF Nos. 9 and 12. Plaintiffs maintained that the Defendants' argument for dismissal is misguided because the underlying dispute is not currently postured for appellate proceedings. Plaintiffs also offered substantive arguments in opposition to the Defendants' objections, and in support of their own objections, to Judge Taddonio's proposed findings of fact and conclusions of law.

The next day, Defendants filed a "Motion to Strike Plaintiffs' (Appellants) Memorandum of Law in Support of Response in Opposition to Defendants' (Appellees) Filing. ECF No. 10. Defendants argued that the Gruvers' responsive memorandum violates the Court's briefing order in that it incorporates substantive arguments that go beyond the narrow issues addressed in Defendants' motion to dismiss. *Id.*

Plaintiffs responded to Defendants motion to strike on November 27, 2020. ECF No. 15. In their response, Plaintiffs reiterated their position that the case is not postured for appellate proceedings. To that end, they submitted a corrective docket entry accompanying the Court's notice of transmittal of the Bankruptcy Court record which, unlike the original docket entry, omitted any reference to the Bankruptcy Rules governing the appellate briefing process. *See* ECF No. 15-2. Plaintiffs intimated that the Defendants had improperly filed an appellate brief as a means of advancing substantive arguments that had not been requested by the Court. Under these circumstances, Plaintiffs argued, they should not be deprived of an opportunity to provide a substantive response to the Defendants' arguments. *Id.*

Having fully considered the arguments presented by both Plaintiffs and Defendants, the undersigned agrees that the instant civil action does not involve appellate proceedings and, consequently, the briefing schedules contemplated by Federal Rules of Bankruptcy Procedure 8016 and 8018 do not apply. Rule 8001(a) is clear that the provisions of Part VIII of the Federal Bankruptcy Rules "govern the procedure in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court." Fed. R. Bankr. P. 8001(a). Here, however, the Bankruptcy Court has not issued a final judgment, order, or decree -- only proposed findings of fact and conclusions of law. This was appropriate given that the adversarial proceeding does not involve a "core" bankruptcy proceeding and the parties did not unanimously consent to the Bankruptcy Court's entry of a final order or judgment in the matter. *See* 28 U.S.C. §157(c)(1) and (2).

Consequently, as Plaintiffs correctly observe, the relevant procedure is found in Rule 9033 which, in its entirety, states:

> **(a) Service**
> In a proceeding in which the bankruptcy court has issued proposed findings of fact and conclusions of law, the clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.
>
> **(b) Objections: time for filing**
> Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.
>
> **(c) Extension of time**
> The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 21 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing objections must be

> made before the time for filing objections has expired, except that a request made no more than 21 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.
>
> **(d) Standard of review**
> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Fed. R. Bankr. P. 9033.

As is evident from the Rule, once a bankruptcy court issues its proposed findings of fact and conclusions of law, no additional filings are contemplated beyond the parties' objections, responses to objections, and those portions of the record that may be pertinent to a resolution of the objections, unless the district court indicates otherwise. Therefore, the Gruvers were not required to submit a "principal" or "opening" brief – or any other type of filing, for that matter – absent some type of directive from this Court. Defendants' motion to dismiss Plaintiff's "appeal" is misguided, inasmuch as this civil action does not involve an "appeal" from any final, appealable ruling by the Bankruptcy Court, nor have Plaintiffs failed to comply with the procedural rules governing these proceedings. Moreover, Defendants' motion to strike the Plaintiffs' filing at ECF No. 12 is unfounded in view of the fact that Plaintiffs' unsolicited arguments in ECF No. 12 did nothing more than proffer a response to the unsolicited arguments previously presented by Defendants in their "appellate brief." Based upon the foregoing reasons, the following Order is entered:

NOW, this 25th day of May, 2021, IT IS ORDERED that Defendants' "Motion to Dismiss Appellants' Appeal with Prejudice," ECF No. [6], shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Defendants' "Motion to Strike Plaintiffs' (Appellants) Memorandum of Law in Support of Response in Opposition to Defendants' (Appellees) Filing," ECF No. 10, shall be, and hereby is, DENIED.

The Court is in the process of reviewing the parties' objections and responses to the Bankruptcy Court's proposed findings of fact and conclusions of law and will advise the parties, in due course, if further filings or evidence is required.

                                                                             */s/ Susan Paradise Baxter*
                                                                             Susan Paradise Baxter
                                                                             United States District Judge